IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01916-CMA-KLM

SANDRA ELLIS on behalf of herself and others similarly situated,

Plaintiff,

v.

J.R.'S COUNTRY STORES, INC., a Colorado corporation,

Defendant.

## MOTION FOR *TEMPORARY* STAY OF CERTIFICATION ISSUE PENDING RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, J.R.'s Country Store, Inc. ("J.R.'s"), by its attorneys, Lawrence D. Stone and Christian D. Hammond of Dufford & Brown, P.C., and to promote judicial economy, hereby requests that this Court stay its ruling on Plaintiff's Motion for Conditional Certification under the Fair Labor Standards Act ("FLSA") [Docket No. 13] until the Court has ruled on J.R.'s Motion for Summary Judgment [Docket No. 8], and as grounds therefor, states as follows:

1. <u>Certification Pursuant to D.C.COLO.LCivR 7.1(A)</u>: J.R.'s counsel certifies that they conferred with Plaintiff's counsel regarding the relief sought through this Motion. Plaintiff opposes this Motion.

{00501869.1}

## Relevant Procedural Background

2. On July 23, 2012, Plaintiff filed her putative class action Complaint asserting a single claim for relief against J.R.'s for violation of the FLSA because J.R.'s allegedly violated the FLSA's "salary basis test." See Complaint [Docket No. 1] at ¶¶ 14-32. J.R.'s filed its Answer and Jury Demand on August 31, 2012. See Answer and Jury Demand [Docket No. 7].

3. On October 11, 2012, J.R.'s filed its Motion for Summary Judgment, which attached all of Plaintiff's payroll records and timesheets for the relevant period of time. See Docket No. 8 (hereinafter "Summary Judgment Motion"). Plaintiff's response was due on Monday, November 5, 2012; however, Plaintiff did not file a response. Instead, despite already having the relevant documents relating to Plaintiff's claim that were needed to respond to the Summary Judgment Motion, Plaintiff filed a motion seeking discovery relating to the merits of *potential* claims for *potential* class members. See Docket No. 15, Plaintiff's Motion to Deny or Defer Judgment Upon Defendant's Motion for Summary Judgment [Docket No. 8] pursuant to Rule 56(D) (hereinafter "Plaintiff's Discovery Motion").

4. The Magistrate Judge originally set the Scheduling Conference date for this matter for October 30, 2012. See Order Setting Scheduling Conference [Docket No. 6]. However, due to a conflict in Plaintiff's counsel's schedule and at Plaintiff's request, the October 30, 2012 Scheduling Conference was vacated and reset for January 24, 2013. See Minute Order [Docket No. 12]. Therefore, the parties have not

conducted the Rule 26(f) conference and will not be required to do so until early January 2013.[1]

5.   On October 18, 2012, Plaintiff filed her Motion to Certify Conditionally a Collective Action under the FLSA 29 U.S.C. § 216(b) and for Court Assisted Notice Under Authority of *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). *See* Docket No. 13 (hereinafter "Certification Motion"). However, for the reasons explained below as well as in J.R.'s Summary Judgment Motion, and in the interest of efficiency and preserving judicial resources, this Court should stay its decision on Plaintiff's Certification Motion until it rules on J.R.'s Summary Judgment Motion.

### Applicable Standard

6.   A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.*; *see also United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (same). In assessing the propriety of a stay, a district court should consider: whether the defendant is likely to prevail in the related proceeding; whether, absent a

---

[1] On October 12, 2012, undersigned counsel called Donna Dell'Olio to conduct the Rule 26(f) conference in advance of the original October 30, 2012 Scheduling Conference. However, Plaintiff's counsel informed the undersigned that she had a trial scheduled for the week of the Scheduling Conference and would be moving to reset the Scheduling Conference. Counsel mutually agreed to conduct the Rule 26(f) conference once the Scheduling Conference was reset.

{00501869.1}   3

stay, the defendant will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake. *United Steelworkers*, 322 F.3d at 1227. Additionally, "[w]hen a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed.Cir.1999); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D. D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Stone v. Vail Resorts Dev. Co.*, 2010 WL 148278, at *3 (D. Colo., Jan. 7, 2010) ("Where a pending motion may dispose of an action, however, a stay of discovery may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed.").

### Argument

7. Plaintiff was employed as a General Store Manager for J.R.'s from approximately December 2007 until April 6, 2012. *See* Complaint at ¶¶ 10, 16. J.R.'s classified Plaintiff as exempt under the FLSA. *See* Summary Judgment Motion at Undisputed Facts ¶ 3. Pursuant to an agreement between the parties, Plaintiff was required to work fifty (50) hours per workweek. *Id.* at ¶ 5. Plaintiff's lawsuit claims that J.R.'s allegedly violated the FLSA's "salary basis test" and treated her as a nonexempt employee by monitoring her hours worked, threatening to lower her pay based on the quantity of work performed, reducing her pay based on the quantity of work performed,

and requiring her to work a minimum of 50 hours a week and requiring her to work five days a week. See Complaint at ¶ 19.

8. However, as explained in J.R.'s Summary Judgment Motion, each of these bases fails. For example, requiring Plaintiff to record her hours worked and to work fifty hours per week did not affect her exempt status. See Summary Judgment Motion at pp. 3-5 (citing, inter alia, Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22,122 at 22,178 (Apr. 23, 2004) ("We [the Department of Labor] agree that employers, without affecting their employees' exempt status, may take deductions from accrued leave accounts; may require exempt employees to record and track hours; may require exempt employees to work a specified schedule; and may implement across-the-board changes in schedule under certain circumstances."); and U.S. Dep't of Labor, Wage & Hour Div. Opinion Letter, FLSA2006-6 (March 10, 2006) ("The number of hours worked by an employee who is exempt under Section 13(a)(1) of the FLSA is a matter to be determined between the employer and the employee. . . As the preamble to the final rule explains, an employer may require an exempt employee to do things such as to record and track hours and to work a specified schedule without affecting the employee's exempt status." (Citing 69 Fed. Reg. at 22,178))).

9. Additionally, for there to be a violation of the FLSA's salary basis test, Plaintiff must prove that J.R.'s had an "actual practice of making improper deductions." See 29 C.F.R. § 541.603(a). As demonstrated by the Plaintiff's payroll records attached to the Summary Judgment Motion, from July 23, 2009 until Plaintiff resigned on April 6,

2012, Plaintiff's regular weekly salary was reduced **only one (1) time,** and the one-time deduction **totaled $31.20**. See Summary Judgment Motion at pp. 7-8 (and Exhibits cited therein). Consequently, this single, isolated, and de minimus deduction does not constitute an "actual practice" of making improper deductions. *Id.* (citing *Auer v. Robbins*, 519 U.S. 452, 460 (1997) ("a one-time incident in which a disciplinary deduction is taken under unusual circumstances does not defeat the salaried status of employees"); *Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 372 (7th Cir. 2005) ("Identifying a few random, isolated, and negligible deductions is not enough to show an actual practice or policy of treating as hourly the theoretically salaried.")).

10. Moreover, even assuming, for the sake of argument only, that J.R.'s one-time deduction from Plaintiff's salary may have been improper, J.R.'s is still entitled to summary judgment in its favor based on an FLSA regulation stating: "Improper deductions that are either isolated or inadvertent **will not result in loss of the exemption** for any employees subject to such improper deductions, **if the employer reimburses the employees for such improper deductions**." 29 C.F.R. § 541.603(c) (emphasis added); see also Summary Judgment Motion at pp. 9-10. The one-time deduction was clearly isolated and as soon as Plaintiff notified J.R.'s of the allegedly improper deduction, J.R.'s reimbursed Plaintiff significantly more than the $31.20 that was deducted from her salary. *Id.* at p. 10 (and Exhibits cited therein).

11. Consequently, as demonstrated in J.R.'s Summary Judgment Motion, Plaintiff does not have a valid claim for relief against J.R.'s under the FLSA. Thus, J.R.'s is likely to prevail on its Summary Judgment Motion.

12.     Additionally, absent a stay, J.R.'s will suffer substantial harm because if a stay is not entered, the parties will expend resources on completing the briefing on the Certification Motion, and likely conduct some discovery relating to the potential class members, many of whom are current employees. Class discovery as to current employees in advance of class certification will cause irreparable harm to J.R.'s working relationship with its workforce. However, if a stay is granted and the Court grants J.R.'s Summary Judgment Motion, the case would be dismissed, disruption of the workforce avoided, and the resources spent to address the Certification Motion would not have been wasted, preservation of which is in the public interest.

13.     Furthermore, the issuance of a stay will not cause substantial harm to the Plaintiff, who is the only other party in this proceeding. To the contrary, a stay would benefit Plaintiff because if the Summary Judgment Motion is granted, the Plaintiff (as well as the Court and J.R.'s) will not have expended resources on the certification issue. Alternatively, if the Summary Judgment Motion is denied, the certification issue can then be dealt with.

14.     The Plaintiff's Discovery Motion [Docket No. 15] does not change this result. As stated above, J.R.'s has already provided Plaintiff will all her payroll records and timesheets that she needs to respond to the Summary Judgment Motion. J.R.'s arguments apply to Plaintiff's FLSA claim since she is the only named party and from the documents J.R.'s provided to Plaintiff, she can confirm for herself that J.R.'s did not violate the FLSA's salary basis test. Therefore, Plaintiff does not need additional discovery in order to respond to the Summary Judgment Motion.

15. Indeed, according to Plaintiff's Discovery Motion, she seeks discovery relating to other **potential** class members who may **potentially** have a claim and want to opt-in to the lawsuit. See Docket No. 15-1, Rule 56(d) Affidavit of Bradley J. Sherman at ¶¶ 9, 22-23. Yet, Plaintiff has not established any need for this information as to **her** claim, which is the only claim at issue at this point.

16. Moreover, courts routinely hold that in an FLSA case at the "notice" stage of class certification, like this case is, the named plaintiff is **only** entitled to discovery relating to contact information of potential class members. See, e.g., Allen v. Mill-Tel, Inc., 2012 WL 1344991, * 2 (D. Kan., April 18, 2012) (denying some of plaintiff's broad discovery requests that related to the merits of claims and recognizing that "[g]enerally, pre-certification discovery should pertain to . . . what is required to conditionally certify an FLSA collective action" and should not be aimed at bolstering plaintiffs' theories of the case (citing Manual for Complex Litigation § 21.14)); Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 681-82 (D. Colo. 1997) (recognizing that after a collective action is certified, plaintiff is entitled to discovery to determine the names and addresses of putative class members); Crawford v. Dothan City Brd. of Ed., 214 F.R.D. 694, 695 (M.D. Ala. 2003) (recognizing that "it is appropriate for a district court to permit the discovery of the names and addresses of employees" but that "[w]here discovery is sought in the absence of an conditionally certified collective action . . . such discovery has been denied."). Thus, the type of merit discovery that Plaintiff seeks is not permitted at the notice stage. Furthermore, class discovery has no bearing on whether

Plaintiff was paid her full salary when she worked less than 50 hours; Plaintiffs' payroll records and timesheets address this.

17. Therefore, to preserve the Court's and parties' resources, the Court should defer ruling on Plaintiff's Certification Motion until it has ruled on the Summary Judgment Motion.

WHEREFORE, J.R.'s respectfully requests that the Court temporarily stay its ruling on the certification issue until the Court has ruled on J.R.'s Motion for Summary Judgment.

Respectfully submitted this 7th day of November, 2012.

DUFFORD & BROWN, P.C.

s/ Christian D. Hammond
Lawrence D. Stone, #8803
Christian D. Hammond, #34271
1700 Broadway, Suite 2100
Denver, CO 80290-2101
Telephone: (303) 861-8013
E-mail: lstone@duffordbrown.com
chammond@duffordbrown.com

ATTORNEYS FOR DEFENDANT
J.R.'S COUNTRY STORES, INC.

## Certificate of Service

I hereby certify that on this 7th day of November, 2012, a true and correct copy of the foregoing **MOTION FOR *TEMPORARY* STAY OF CERTIFICATION ISSUE PENDING RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was electronically filed with the Clerk of the Court via the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Donna Dell'Olio
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903
ddellolio@cornishanddellolio.com

                                    *s/ Carol A. Larsen Cook*
                                    Carol A. Larsen Cook