# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01916-CMA-KLM

SANDRA ELLIS on behalf of herself and others similarly situated,

Plaintiff,

v.

J.R.'S COUNTRY STORES, INC., a Colorado corporation,

Defendant.

---

## REPLY IN SUPPORT OF MOTION FOR *TEMPORARY* STAY OF CERTIFICATION ISSUE PENDING RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Defendant, J.R.'s Country Store, Inc. ("J.R.'s"), by its attorneys, Lawrence D. Stone and Christian D. Hammond of Dufford & Brown, P.C., hereby submits its Reply in Support of its Motion for Temporary Stay of Certification Issue Pending Ruling on Defendant's Motion for Summary Judgment [Docket No. 16] ("Motion"), and states as follows:

### Introduction

The rationale for J.R.'s Motion seeking a ***temporary*** stay is that the entire lawsuit will likely be dismissed given the strength of J.R.'s arguments as set forth in its Summary Judgment Motion [Docket No. 8]. *See* Motion at ¶¶ 7-11. Indeed, other than one erroneous contention, which is discussed in more detail below, Plaintiff does not

{00507261.1}

attempt to refute the strength of J.R.'s Summary Judgment Motion in her Response. Thus, if the Court agrees with J.R.'s and dismisses the Plaintiff's claim, Plaintiff's attempt to certify a class under § 216(b) of the Fair Labor Standards Act ("FLSA") becomes moot because "'[w]ithout a viable claim, [Plaintiff] cannot represent others whom she alleged were similarly situated.'" *White v. Baptist Mem'l Health Care Corp.*, --- F.3d ---, 2012 WL 5392621, * 7 (6th Cir., Nov. 6, 2012) (quoting *In re Family Dollar FLSA Litigation*, 637 F.3d 508, 519 (4th Cir. 2011)). As such, neither the parties nor the Court would be required to address the certification issue.

Given the strength of J.R.'s arguments warranting the Court's entry of summary judgment in its favor, and because "[p]recedent amply demonstrates that the Court has broad discretion to stay an action when a dispositive motion is pending," *United States v. Hoodenpyle*, 2012 WL 5907421, *1 (D. Colo., Nov. 26, 2012), it is appropriate to grant J.R.'s request for a temporary stay of the certification issue. In fact, doing so "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D. D.C. 2005).

## Argument

In her Response, Plaintiff asserts that a stay of proceedings is generally disfavored. *See* Response at p. 3. However, in the two cases Plaintiff cites as support for her argument, the court actually granted a stay. *See Sandoval v. United States*, 2011 WL 3682768, *1-3 (D. Colo., Aug. 23, 2011) (a stay was warranted pending the

court's ruling on a motion to dismiss); *Green v. Napolitano*, 2011 WL 3583402, * 1-2 (D. Colo., Aug. 15, 2011) (weighing factors and concluding that a stay of proceedings was warranted pending the court's ruling on a dispositive motion). Indeed, as the *Green* court recognized, "[a] motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion." *Green*, 2011 WL 3583402, at *1 (citing *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936)); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

Plaintiff's Response focuses on the five factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955 (D. Colo., Mar. 30, 2006) to assert J.R.'s request for a stay should be denied. *See* Response at pp. 3-7. J.R.'s will do likewise.

### 1. The Plaintiff's Interests in Proceeding Expeditiously with the Civil Action and the Potential Prejudice to the Plaintiff of a Delay

In addressing this factor, Plaintiff merely asserts that she "is seeking unpaid overtime wages and any delay in the already lengthy process of recovering those wages only exacerbates Ms. Ellis' injury." Response at p. 6. Without elaboration, Plaintiff also cites to *Daviscourt v. Anderson*, 2008 WL 4080006 (D. Colo., Sept. 3, 2008) and *Zukowski v. Howard, Needles, Tammen, & Bergendoff*, 115 F.R.D. 53 (D. Colo. 1987), as support for her assertion that justice delayed is justice denied. *Id.* However, Plaintiff provides no further explanation or examples of exactly how a stay

would exacerbate her alleged injury, other than this conclusory statement.[1] Indeed, Plaintiff's claim that the stay would be a further "delay in the already lengthy process" of recovering allegedly unpaid wages rings hollow because Plaintiff's lawsuit has only been pending for a little more than four (4) months. Compare *Daviscourt*, 2008 WL 4080006, at *2 (discussing delayed justice and noting that the lawsuit had been pending for more than three (3) years and the events which led to the lawsuit began more than six (6) years before the motion for stay was filed); *Zukowski*, 115 F.R.D. at 58 (recognizing that requiring litigants to wait an additional fifteen (15) months for a trial date from the date their case was ready to be heard could result in justice delayed). Moreover, although Plaintiff filed her Complaint on July 23, 2012, she waited nearly three (3) months, until October 18, 2012, to file her Motion for Conditional Certification. See Docket No. 13. Under these circumstances, J.R.'s request for a temporary stay should not be jeopardized because of the Plaintiff's delay in filing a motion for class certification.

Plaintiff's assertion that she will be prejudiced is also undermined by the scope of the stay J.R.'s is requesting, namely a stay of the Court's determination of the Plaintiff's request for conditional class certification, as well as the temporary nature of the requested stay. Unlike Plaintiff, J.R.'s is confident the Court will rule on the Summary Judgment Motion in a timely fashion after it is fully briefed, not in the eight to twelve

---

[1] Plaintiff's conclusory statement is very similar to assertions Magistrate Judge Mix rejected when granting a motion for a stay in an FLSA action. See *Burke v. Alta Colleges, Inc.*, 2012 WL 502271, *2 (D. Colo., Feb. 15, 2012) (rejecting the "generalized arguments" and "conclusory assertions" that the plaintiff "'has an interest in proceeding immediately with its prosecution of this claim;' [and] that it 'will be extremely prejudiced' by the stay of discovery.").

{00507261.1}  4

months predicted by Plaintiff, see Response at p. 2, especially given the fact that a ruling will likely dispose of the entire case.

Therefore, for these reasons and the reasons set forth in J.R.'s Motion, this factor weighs in favor of granting a stay.

### 2. The Burden on the Defendant

As to the second factor, Plaintiff claims the burden on J.R.'s is no different than the burden that exists in every case brought under the authority of 29 U.S.C. § 216(b). See Response at p. 7. However, Plaintiff fails to address the burden on J.R.'s of the merits discovery she seeks relating to potential class members. See Plaintiff's Motion to Deny or Defer Judgment Upon Defendant's Motion for Summary Judgment Pursuant to Rule 56(d) [Docket No. 15]. Courts recognize that requiring a defendant to engage in discovery relating to class action claims, when the class claims may become irrelevant due to a dispositive motion, imposes an undue burden on the defendant. See, e.g., Edwards v. Zenimax Media, Inc., 2012 WL 1801981, *3 (D. Colo., May 17, 2012) (finding the burden on defendant weighed in favor of granting a stay where the plaintiff sought discovery relating to class action claims while a dispositive motion was pending). Thus, J.R.'s should not be required to expend its resources responding to Plaintiff's request for class certification and responding to class wide discovery when these issues are likely to become irrelevant given the strength of J.R.'s dispositive motion.

Consequently, for these reasons and the reasons set forth in J.R.'s Motion, this factor weighs in favor of granting a temporary stay.

### 3. The Convenience of the Court

To borrow a phrase used by Plaintiff, J.R.'s agrees that conditional certification and notice to potential class members under the facts of this case "puts the cart before the horse." See Response at p. 6. Indeed, a determination of conditional class certification and notice to potential class members is likely to become unnecessary given the strength of J.R.'s dispositive motion. Moreover, as J.R.'s has previously argued, if the Court grants J.R.'s Summary Judgment Motion and dismisses Plaintiff's single claim for relief, the class certification issue will become moot. See, e.g., Copello v. Boehringer Ingelheim Pharm., Inc., 812 F.Supp.2d 886, 897 (N.D. Ill. 2011) ("An FLSA collective action under § 216(b) **may not proceed without a plaintiff to lead it.**" (emphasis added)). In Copello, the court held the named plaintiffs could not represent a class because they did not have viable claims. Id. Consequently, because they could not represent a class, the court denied their motion to conditionally certify an FLSA collective action. Id.[2] Thus, the most economical use of the Court's resources will be to rule on the Summary Judgment Motion before addressing the Plaintiff's request for conditional class certification. See Chavous, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of

---

[2] Likewise, the Fourth Circuit Court of Appeals has held that "[b]ecause we have affirmed summary judgment dismissing [plaintiff's] complaint on the merits, we need not address whether the district court properly refused to certify her action as a collective action. Without a viable claim, [plaintiff] cannot represent others whom she alleged were similarly situated." In re Family Dollar FLSA Litig., 637 F.3d 508, 519 (4th Cir. 2011); see also White v. Baptist Mem'l Health Care Corp., --- F.3d ---, 2012 WL 5392621, * 7 (6th Cir., Nov. 6, 2012) (same); Bernal v. Trueblue, Inc., 730 F.Supp.2d 736, 738 (W.D. Mich. 2010) (in putative collective action under the FLSA, the court held that "in the interest of conserving resources, a court may consider a motion for summary judgment prior to considering a motion for collective action certification. . . ." (citing Miami Univ. Wrestling Club v. Miami Univ., 302 F.3d 608, 616 (6th Cir. 2002)).

economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

Accordingly, for these reasons and for the reasons set forth in J.R.'s Motion, this factor also weighs in favor of granting the temporary stay.

### 4. *The Interests of Persons not Parties to the Civil Litigation*

Plaintiff dedicates a significant portion of her Response to her speculative belief that potential opt-in plaintiffs will be prejudiced if the Court grants J.R.'s request for a stay because the FLSA's statute of limitations continues to run until each individual who decides to join the lawsuit files a consent to opt-in. *See* Response at pp. 3-5. However, Plaintiff's argument fails for several reasons.

Contrary to Plaintiff's argument that the proper way to handle the statute of limitations issue is to conditionally certify a class before addressing the merits of Plaintiff's claim, *see* Response at p. 4, numerous courts have held that it is proper to decide the merits of the named plaintiff's claim before addressing the certification issue. *See, e.g., Copello*, 812 F.Supp.2d at 897; *In re Family Dollar FLSA Litig.*, 637 F.3d at 519; *Bernal*, 730 F.Supp.2d at 738. Furthermore, because the Plaintiff does not have a viable FLSA claim, she cannot represent a class and her lawsuit should be dismissed in its entirety.

Moreover, Plaintiff's argument is based on speculation because she fails to provide any specific names or affidavits from any individuals who, given the opportunity,

would be interested in joining this lawsuit despite the fact that she knows or worked with some or all of the potential class members. *Cf. Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 664 (D. Kan. 2004) (in denying the plaintiff's motion for conditional class certification, the court relied, in part, on the fact that the plaintiff did not provide the court with any names of individuals who would join the lawsuit if given the opportunity).

Additionally, Plaintiff claims that putative class members will be prejudiced because the running of the statute of limitations will reduce their "otherwise valid claims." *See* Response at p. 4. This is pure speculation because Plaintiff does not know if any potential class members have overtime claims, will choose to opt-in, or whether a temporary stay will have any bearing on their claim.

Moreover, even if the statute of limitations continues to run for potential class members, its effect will be minimal given the short-term nature of the requested stay, namely until the Court rules on J.R.'s Summary Judgment Motion.

Finally, the Court should view Plaintiff's arguments about the delay occasioned by a temporary stay in the context of Plaintiff's nearly three (3) month delay in filing a motion for class certification.

Accordingly, Plaintiff's concern that unidentified individuals will be prejudiced by a temporary stay is pure speculation. A temporary stay of the class certification issue is warranted because if J.R.'s dispositive motion is granted, class certification is not necessary.

### 5. *The Public Interest*

Plaintiff does not address the fifth and final *String Cheese* factor in her Response. One case articulated this factor as follows: "the public's primary interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest." *Blixseth v. Cushman & Wakefield of Colo., Inc.*, 2012 WL 3962800, *3 (D. Colo., Sept. 11, 2012); *see also Burke*, 2012 WL 502271, at *3 (same). Therefore, this factor also weights in favor of granting J.R.'s request for a stay.

### *Plaintiff's Erroneous Attack on J.R.'s Summary Judgment Motion*

Finally, Plaintiff attempts to attack one of J.R.'s arguments made in its Summary Judgment Motion, namely that summary judgment is warranted because the one-time deduction from Plaintiff's pay was isolated and J.R.'s reimbursed Plaintiff more than enough to make her whole. *See* Motion at ¶ 10; *see also* Summary Judgment Motion at pp. 9-10. Plaintiff concludes her Response by arguing that J.R.'s "apparently has confidence that its practices fit within the safe harbor provided by 29 C.F.R. § 541.603(d)." Response at p. 7. Plaintiff goes on to assert that J.R.'s "overlooks" the safe harbor requirement found in § 541.603(d) that the employer have a clearly communicated policy that prohibits improper pay deductions. *Id.* However, Plaintiff is simply wrong.

In its Motion, J.R.'s did not cite to the safe harbor provision of § 541.603(d), as Plaintiff erroneously asserts. Rather, J.R.'s clearly cited to the provision found in §

541.603(**c**), which is known as the "window of correction." See Motion at ¶ 10. Contrary to Plaintiff's statement, § 541.603(c) does not require a clearly communicated policy prohibiting improper pay deductions. Moreover, J.R.'s fully complied with the requirements of § 541.603(c) because it reimbursed Plaintiff a total of $188.82, well more than the $31.20 that was deducted from her pay on one occasion. See Summary Judgment Motion [Docket No. 8] at p. 10 and at Exhibit 4 thereto. Thus, the Court should reject the Plaintiff's specious attempt to undermine the strength of J.R.'s summary judgment arguments.

## Conclusion

For these reasons, and for the reasons set forth in its Motion, J.R.'s respectfully requests the Court to temporarily stay its ruling on the certification issue until the Court has ruled on J.R.'s Motion for Summary Judgment.

Respectfully submitted this 29th day of November, 2012.

DUFFORD & BROWN, P.C.

s/ Christian D. Hammond
Lawrence D. Stone, #8803
Christian D. Hammond, #34271
1700 Broadway, Suite 2100
Denver, CO 80290-2101
Telephone: (303) 861-8013
E-mail: lstone@duffordbrown.com
        chammond@duffordbrown.com

ATTORNEYS FOR DEFENDANT
J.R.'S COUNTRY STORES, INC.

## Certificate of Service

I hereby certify that on this 29th day of November, 2012, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION FOR *TEMPORARY* STAY OF CERTIFICATION ISSUE PENDING RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was electronically filed with the Clerk of the Court via the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Donna Dell'Olio
Bradley J. Sherman
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903
ddellolio@cornishanddellolio.com
bsherman@cornishanddellolio.com

*s/ Carol A. Larsen Cook*
Carol A. Larsen Cook