**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01916-CMA-KLM

SANDRA ELLIS, on behalf of herself and others similarly situated,

     Plaintiff,

v.

J.R.'S COUNTRY STORES, INC., a Colorado corporation,

     Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO STAY
AND DENYING PLAINTIFF'S MOTION TO DEFER JUDGMENT**

---

     This matter is before the Court on the "Motion for Temporary Stay of Certification Issue Pending Ruling on Defendant's Motion for Summary Judgment," filed by Defendant J.R.'s Country Stores, Inc. (Doc. # 16), as well as the "Motion to Deny or Defer Judgment upon Defendant's Motion for Summary Judgment," filed by Plaintiff Sandra Ellis (Doc. # 15). For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's.

## I. BACKGROUND

     Plaintiff initiated this putative collective action on July 23, 2012, asserting one claim for relief against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (*See* Doc. # 1.) Defendant filed an Answer on August 31, 2012 (Doc. # 7), and moved for summary judgment on October 11, 2012 (Doc. # 8). Plaintiff neither

responded to the motion nor moved for an extension of time in which to do so.  Instead,

Plaintiff filed a "Motion to Certify Conditionally a Collective Action under the Fair Labor

Standards Act of 29 U.S.C. § 216(b) and for Court Assisted Notice" (Doc. # 13) on

October 18, 2012, and her motion to defer judgment on October 31, 2012.  Thereafter,

Defendant filed its motion to stay, along with a "Motion for Extension of Time to File

Response to Plaintiff's Certification Motion Pending the Court's Ruling on Defendant's

Motion for Summary Judgment or its Ruling on Defendant's Motion for a Temporary

Stay" (Doc. # 17), on November 7, 2012.  Additional briefing ensued on the instant

motions and Defendant's motion for extension of time.  (*See* Docs. ## 18–22.)

## II. <u>DISCUSSION</u>

Although the parties raise overlapping arguments in the filings associated with

the instant motions, the Court will address them in turn, as a different analytical

framework applies to each motion.

## A.    DEFENDANT'S MOTION TO STAY

Defendant asserts that, to preserve the Court's and the parties' resources, the

Court should defer ruling on Plaintiff's certification motion until after it has ruled on

Defendant's pending motion for summary judgment.  The Court agrees.

A court has inherent power to stay proceedings "to control the disposition of

the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (observing that docket

management "calls for the exercise of judgment, which must weigh competing interests

2

and maintain an even balance").  When determining the propriety of a stay, "a district

court should consider: whether the defendants are likely to prevail in the related

proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether

the issuance of a stay will cause substantial harm to the other parties to the proceeding;

and the public interests at stake."  *United Steelworkers of Am. v. Oregon Steel Mills,*

*Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).  Further, "when one issue may be determi-

native of a case, the court has discretion to stay discovery on other issues until the

critical issue has been decided."  8 Charles Alan Wright, et al., *Federal Practice &*

*Procedure* § 2040, at 521–22 (2d ed. 1994); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*,

200 F.3d 795, 804 (Fed. Cir. 1999); *Chavous v. D.C. Fin. Responsibility & Mgmt.*

*Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the

determination of a dispositive motion is an eminently logical means to prevent wasting

the time and effort of all concerned, and to make the most efficient use of judicial

resources." (internal quotation marks and citation omitted)).

  To begin with, Defendant is likely to prevail in its motion for summary judgment.

Defendant appears to convincingly counter each of Plaintiff's grounds for relief under

the Fair Labor Standards Act ("FLSA").  (*See* Doc. ## 1; 8; and 16 at 4–6.)  In response,

Plaintiff does not dispute the arguments Defendant raises as to her, individually, but

rather asserts that "the interests of persons not currently parties to the litigation will be

prejudiced by the delay."  (Doc. # 18 at 3.)  But Plaintiff fails to establish how the action

would proceed as to these purported others if the Court were to determine that

Defendant is entitled to summary judgment on her claim.  Plaintiff seeks to represent herself "and those similarly situated."  (Doc. # 1 at 2.)  Without a viable claim, however, Plaintiff would be unable to represent these other individuals.  *See, e.g.*, *In re Family Dollar FLSA Litig.*, 637 F.3d 508, 519 (4th Cir. 2011); *accord White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869 (6th Cir. 2012) (noting that "a lead plaintiff cannot be similarly situated and represent opt-in plaintiffs without a viable claim").

For this reason, the Court finds unavailing Plaintiff's citation to 29 C.F.R. § 541.603(a), which indicates that, in determining whether an employer maintained an actual practice of making improper deductions, courts can consider, among other things, "the number and geographic location of employees whose salary was improperly reduced."  Such information surpasses the sole claim for relief that Plaintiff raises here. As to Plaintiff, the Court agrees – absent any countervailing argument from her – with Defendant's assertion that it has provided her with all the "payroll records and time-sheets that she needs to respond to the Summary Judgment Motion, which motion relates solely to Plaintiff's claim since she is the only named party."  (Doc. # 20 at 5.)

Additionally, Defendant will suffer harm in the absence of a stay because it will be required to expend resources briefing issues in this case, such as Plaintiff's certification motion, that probably need not be decided, given Defendant's likelihood of success on its motion for summary judgment.  Similarly, refusing to stay the case would cause Defendant to have to conduct potentially unnecessary discovery on the putative opt-in plaintiffs, who may very well not be similarly situated to Plaintiff.  *See, e.g.*,

4

*Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411, 2012 WL 1801981, at *3 (D. Colo. May 17, 2012) (unpublished) (in class-action case, finding that the burden of discovery weighed in favor of granting motion for stay where, due to a pending dispositive motion, "the requested discovery may ultimately be useless and a waste of the parties' time and resources").

Further, the issuance of a stay will not cause substantial harm to Plaintiff, who is the only other party to the proceedings. In fact, Plaintiff will likely save herself expenses on the same motion and discovery-related issues as Defendant. Plaintiff, however, asserts that she is "seeking unpaid overtime wages and any delay in the already lengthy process of recovering those wages only exacerbates Ms. Ellis's injury." (Doc. # 18 at 6.) Plaintiff fails to explain how her purported injury would be "exacerbate[d]" by a stay in the proceedings. If Plaintiff succeeds on her claim, she could be compensated for any monetary harm she suffers, which is occasioned by a delay in the proceedings, through an award of prejudgment interest. *See, e.g.*, *Hall v. Terrell*, 648 F. Supp. 2d 1229, 1232 (D. Colo. 2009) ("the purpose of prejudgment interest is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment" (quotation marks and citation omitted)). To the extent that the exacerbation of injury to which Plaintiff refers is merely the delay she will experience in having her certification motion ruled on, the Court is unpersuaded by her concern. Plaintiff delayed almost three months in filing her certification motion after she initiated this action. (*See* Doc. ## 1 and 13.) Moreover, ruling on, and even granting,

5

her certification motion at the present time will amount to an empty gesture, not to mention a waste of resources, if Plaintiff is unable to dissuade the Court from granting Defendant's motion for summary judgment.

Plaintiff further argues, however, that any amount of delay runs the risk of prejudicing potential opt-in plaintiffs, as the statute of limitations for their claims expires on a rolling basis.  (Doc. # 18 at 3–4.)  But these individuals, whoever they may be, are not parties to this action, and Plaintiff cites no case, nor is the Court aware of any, which would require them to become parties.  In fact, although "[o]nly those individuals who opt-in to the collective action will be bound by the judgment in the case," the decision to opt-in is a discretionary one for the employee.  *Smith v. Pizza Hut, Inc.*, No. 09-cv-01632, 2011 WL 2791331, at *1 (July 14, 2011) (unpublished).  Accordingly, the "persons not currently parties to the litigation" that Plaintiff is concerned about are free to seek relief through their own lawsuit(s).  Such an eventuality is, in any event, assuredly the most expeditious way for them to stop the statute of limitations running as to their claims.

Finally, the public interests at stake in this litigation will be well-served by a stay of the proceedings.  The public has, as a primary interest, the efficient and just resolution of actions pending before the Court, and "[a]voiding wasteful efforts by the Court clearly serves this interest."  *Blixseth v. Cushman  & Wakefield of Colo., Inc.*, No. 12-cv-00393, 2012 WL 3962800, at *3 (D. Colo. Sept. 11, 2012) (unpublished).  Although Plaintiff cites some cases that indicate early conditional certification can

6

produce an economical use of judicial resources by helping to avoid duplicative lawsuits (*see* Doc. # 18 at 6–7), Plaintiff cites no cases, nor is the Court aware of any, which promote such certification despite the pendency of an apparently meritorious dispositive motion the granting of which would result in a dismissal of the plaintiff's cause of action.

Accordingly, the Court determines that granting Defendant's motion to stay is appropriate in this case.[1]

## B.   PLAINTIFF'S MOTION TO DEFER JUDGMENT

Plaintiff asserts that the Court should deny or defer ruling on Defendant's motion for summary judgment until the parties have completed discovery.  The Court disagrees that additional discovery is necessary at this stage in the litigation.

Under Fed. R. Civ. P. 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Under this rule, "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).

As previously explained, however, Plaintiff has failed to convince the Court that she lacks discovery necessary for her to respond to Defendant's motion for summary judgment.  Plaintiff is the only named party in this action, and Defendant's arguments

---

[1]   As such, the Court will deny as moot Defendant's motion for extension of time.

(*see* Doc. # 8) – and the evidence submitted in support thereof (*see* Doc. ## 8-1–8-12) – appear to disprove Plaintiff's claim. As such, Plaintiff speculates as to facts that might affect potential opt-in plaintiffs who may have claims. (*See* Doc. # 15-1 at 2–4.) But under Rule 56(d), "summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint." *Building & Const. Trades Dept., AFL-CIO v. Rockwell Intern. Corp.*, 756 F. Supp. 492, 496 (D. Colo. 1991). Nor should Rule 56(d) be used as a "license for a fishing expedition." *Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990). Further, in light of the Court's decision to stay the proceedings regarding Plaintiff's certification motion, waiting to rule on Defendant's motion for summary judgment until after the parties have completed discovery would be at odds with Plaintiff's concerns regarding the prompt administration of justice.

## III.  CONCLUSION

For the foregoing reasons, it is ORDERED that: Defendant's "Motion for Temporary Stay of Certification Issue Pending Ruling on Defendant's Motion for Summary Judgment" (Doc. # 16) is GRANTED; Plaintiff's "Motion to Deny or Defer Judgment upon Defendant's Motion for Summary Judgment" (Doc. # 15) is DENIED; and Defendant's "Motion for Extension of Time to File Response to Plaintiff's Certification Motion Pending the Court's Ruling on Defendant's Motion for Summary Judgment or its Ruling on Defendant's Motion for a Temporary Stay" (Doc. # 17) is DENIED AS MOOT. As such, it is

FURTHER ORDERED that all proceedings related to Plaintiff's "Motion to Certify Conditionally a Collective Action under the Fair Labor Standards Act of 29 U.S.C. § 216(b) and for Court Assisted Notice" (Doc. # 13) are HEREBY STAYED until the Court has ruled on Defendant's "Motion for Summary Judgment" (Doc. # 8). Accordingly, it is

FURTHER ORDERED that Plaintiff is DIRECTED to file her Response to Defendant's summary judgment motion within 21 days after the date of service of this Order.

DATED:  December __11__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge